**In the Matter of Paula G. COODY, Respondent.**

No. 20S00–1010–DI–596.

Supreme Court of Indiana.

April 8, 2011.

*PUBLISHED ORDER APPROVING STATEMENT OF CIRCUMSTANCES AND CONDITIONAL AGREEMENT FOR DISCIPLINE*

Pursuant to Indiana Admission and Discipline Rule 23(11), the Indiana Supreme Court Disciplinary Commission and Respondent have submitted for approval a "Statement of Circumstances and Conditional Agreement for Discipline" stipulating agreed facts and proposed discipline as summarized below:

**Stipulated Facts:** In 2005, Respondent was retained by a personal representative to handle a decedent's estate for a flat fee of $5,500. Respondent failed to file a tax return for the estate and failed to respond to the personal representative's inquiries about the estate and its taxes. In June 2008, the personal representative filed a grievance against Respondent. She acknowledged she had neglected the estate, refunded her entire fee, and offered to close the estate as soon as possible. In April 2009, she caused the estate's tax return to be filed and paid the penalty and interest owing ($182.21). Respondent filed a closing statement in March 2010, but the estate was still open when the Commission filed its verified complaint against Respondent on October 21, 2010. The trial court approved the closing statement and closed the estate the following month.

The parties cite no facts in aggravation. The parties cite the following facts in mitigation: (1) Respondent has no disciplinary history; (2) Respondent was cooperative with the Commission; (3) Respondent is remorseful; (4) Respondent took action to ensure her client suffered no financial loss because of her neglect; and (5) at the time of the misconduct, Respondent was dealing with personal and family issues that have since been dealt with appropriately.

**Violations:** The parties agree that Respondent violated these Indiana Professional Conduct Rules prohibiting the following misconduct:

1.3: Failure to act with reasonable diligence and promptness.

1.4(a)(3): Failure to keep a client reasonably informed about the status of a matter.

1.4(a)(4): Failure to comply promptly with a client's reasonable requests for information.

**Discipline:** The parties propose the appropriate discipline is a public reprimand. The Court, having considered the submissions of the parties, now approves the agreed discipline and imposes **a public reprimand** for Respondent's misconduct.

The costs of this proceeding are assessed against Respondent. With the acceptance of this agreement, the hearing officer appointed in this case is discharged.

The Clerk is directed to forward a copy of this Order to the hearing officer, to the parties or their respective attorneys, and to all other entities entitled to notice under Admission and Discipline Rule 23(3)(d). The Clerk is further directed to post this order to the Court's website, and Thomson Reuters is directed to publish a copy of this order in the bound volumes of this Court's decisions.

All Justices concur, except DAVID, J., who dissents.